FILED

MAR 12 2018

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY RAY SADLER, | CV 17–101–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| M.S.P., et al., | |
| Defendants. | |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendations on January 17, 2018, recommending to dismiss Plaintiff Timothy Sadler's ("Sadler") Complaint (Doc. 2) for failing to state a claim upon which relief may be granted. (Doc. 6.) Sadler failed to timely object to the Findings and Recommendations, and so waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed the Findings and Recommendations, (Doc. 6), the Court finds no clear error in Judge Johnston's conclusion that Sadler's Complaint should be dismissed because it violates Rule 8 of the Federal Rules of Civil Procedure by failing to bring specific claims and factual allegations against specific defendants. Judge Johnston specifically concludes that the Complaint is "nearly incoherent" and fails to allege any claims to which Plaintiff is entitled to relief under 42 U.S.C. § 1983. (Doc. 4.) To the extent that Plaintiff uses § 1983 as a vehicle to challenge his criminal conviction or to obtain damages resulting from his conviction, these claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (finding that a plaintiff may not recover damages from an allegedly unconstitutional conviction unless she can prove that her conviction or sentence has been reversed on direct appeal or otherwise declared invalid.). As Sadler's conviction has not been reversed, declared invalid, expunged, or called into question, Judge Johnston did not clearly err in concluding that Sadler's Complaint fails to state a claim.

Judge Johnston allowed Sadler leave to cure the defects in the Complaint on or before January 5, 2018. (Doc. 4). Sadler failed to do so. Accordingly, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 6) are ADOPTED IN FULL.

(2) This matter is DISMISSED WITH PREJUDICE for failure to state a claim.

(3) The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(4) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain that the Complaint lacks arguable substance in law or fact.

(5) The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff failed to state a claim upon which relief may be granted.

DATED this 12th day of March, 2018.

*[signature]*
Dana L. Christensen, Chief Judge
United States District Court